# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NICHOLAS CUPRISIN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 16-cv-1477-MMM |
| | ) |
| DR. ANDREW TILDEN et. al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se, pursues a § 1983 action for deliberate indifference to his serious medical needs at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges deliberate indifference to his serious medical needs by 15 Defendants. Plaintiff alleges that he has had Hepatitis C for many years. On July 1, 2016, he requested and was allegedly refused medical treatment for this condition. Plaintiff does not indicate which of the many Defendants denied him treatment. His allegations are directed at "Defendants" collectively, not identifying the particular claims against any one individual.

1

The Federal Rules of Civil Procedure require that the plaintiff submit a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that the essential function of a complaint under the civil rules...is to put the defendant on notice of the plaintiff's claim. *Ross Brothers Construction Co., Inc, v. International Steel Services, Inc*. 283 F.3d 867, 872 (7th Cir. 2002), quoting *Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001). Plaintiff fails to provide this notice when he does not specify how any one individual caused him harm. Plaintiff's complaint is 'an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson* at 589. The claims against Defendants Pfister, Melvin, Tilden, Shicker, Matticks, Bertowski, Colwell, Wilkey, Fox, Quail and Wexford Health Sources Inc. are DISMISSED, with leave to replead.

Plaintiff names current and former IDOC directors Godinez, Stolworthy, Taylor and Baldwin. Plaintiff's allegations against them are only that they have "overall responsibility for IDOC's policies and procedures in the administration of all facilities within the state, as well as personal firsthand knowledge of the operation of the Pontiac Correctional Center." Plaintiff does not allege that the present and former Directors participated in the alleged infringement or condoned any unconstitutional conduct by his subordinates. *See Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) ("to be liable under § 1983, the individual defendant must have 'caused or participated in a constitutional deprivation.'"). *See also, Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (a supervisor may be individually liable even without direct participation if he evidences "deliberate, reckless indifference" to the misconduct of subordinates… ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.") (quotations omitted). The doctrine of *respondeat superior* does not apply to § 1983 claims. *Id.* at 740. Defendants

Godinez, Stolworthy Taylor and Baldwin are DISMISSED with prejudice as Plaintiff may not maintain an action against them for their supervisory roles over others.

**IT IS THEREFORE ORDERED:**

1) Defendants Godinez, Stolworthy Taylor and Baldwin are dismissed with prejudice for Plaintiff's failure to state a claim against them pursuant to Fed. R. Civ. P. 8(a)(2), 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile because Plaintiff does not allege Defendants' personal involvement, and seeks to hold them liable merely due to result their supervisory roles over others. The clerk is directed to terminate them as parties.

2) The deliberate indifference claims against Defendants Pfister, Melvin, Tilden, Shicker, Matticks, Bertowski, Colwell, Wilkey, Fox, Quail and Wexford Health Sources Inc. are DISMISSED, with leave to replead within 30 days. Plaintiff is to identify his pleading as an amended complaint and it is to replace the original complaint in its entirety. Accordingly, the amended complaint must contain all allegations against all remaining Defendants. Piecemeal amendments are not accepted. Failure to timely file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

3) Plaintiff's motion for appointment of pro bono counsel [5] is rendered MOOT, with leave to reassert if he files an amended complaint.

_5/22/2017_                          s/Michael M. Mihm
ENTERED                       MICHAEL M. MIHM
                               UNITED STATES DISTRICT JUDGE