UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NICHOLAS CUPRISIN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 16-cv-1477-MMM |
| | ) |
| DR. ANDREW TILDEN et. al., | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW AMENDED COMPLAINT

Plaintiff, proceeding pro se, files an amended complaint alleging deliberate indifference to his serious medical needs at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff alleges that he has had Hepatitis C for many years and experiences fatigue, sore bones, eye dryness, severe headaches, fever, chills, abdominal pain, vomiting blood and liver inflammation. Plaintiff claims that, since July 1, 2016, he has been seen by Defendant Dr. Tilden and Defendant Ojealde, a physician's assistant, and that they have refused to provide him necessary treatment. He claims, further, that Defendant physicians Matticks and Shicker, along

1

with Defendant Wexford, have established rules and protocols withholding treatment to inmates with Hepatitis C until they are confined for months or more. It is presumed that Plaintiff was confined for less than 18 months when he filed the complaint.

Here Plaintiff has pled a colorable claim that Defendants Tilden, Ojelade, Matticks and Shicker were deliberately indifferent to his serious medical needs. He also pleads liability against Defendant Wexford for an unconstitutional policy. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978).

**IT IS THEREFORE ORDERED:**

1) This case shall proceed on the deliberate indifference claims against Defendants Tilden, Ojelade, Shicker, Matticks and Wexford. All other claims will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Plaintiff has not repled claims against Defendants Pfister, Melvin, Bertowski, Colwell, Wilkey, Fox and Quail and they are DISMISSED. The clerk is directed to terminate them as parties.

2) Plaintiff files a motion for recruitment of pro bono counsel [12]. In determining whether the Court should attempt to find an attorney to voluntarily take a case, the question is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). [12] is DENIED with leave to reassert as the case progresses. Plaintiff's motion for status [13] is rendered MOOT by this order.

3) The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6) Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7) Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's

document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9) Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

10) Plaintiff files [5], a motion for recruitment of pro bono counsel and later filed exhibit [8]. While the exhibit contains a handwritten list of several attorneys' offices, it does not indicate that Plaintiff contacted them and made attempts to secure counsel on his own. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). [5] is DENIED at this time. In the event Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, the attorneys he has contacted.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT

FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTERED: 1/4/2018

                                                s/Michael M. Mihm
                                            MICHAEL M. MIHM
                                        UNITED STATES DISTRICT JUDGE